J-S70033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSHUA MICHAEL GOODING, | : | |
| | : | |
| Appellant | : | No. 557 EDA 2018 |

Appeal from the PCRA Order January 31, 2018
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003180-2004

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED DECEMBER 21, 2018**

Appellant, Joshua Michael Gooding, appeals *pro se* from the order entered in the Chester County Court of Common Pleas, which denied his second petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On October 5, 2004, Appellant entered an open guilty plea to involuntary deviate sexual intercourse, burglary, and simple assault. The court sentenced Appellant on March 3, 2005, to an aggregate term of 12½ to 42 years' imprisonment, and deemed Appellant a sexually violent predator. Appellant did not appeal.

On May 7, 2015, Appellant filed *pro se* a petition for writ of *habeas corpus*, which the court treated as a first PCRA petition. The PCRA court appointed counsel, who filed a no-merit letter, pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**,

550 A.2d 213 (Pa.Super. 1988) (*en banc*), and a petition to withdraw on September 14, 2015.  The PCRA court issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907 on November 10, 2015, and denied relief and granted counsel's petition to withdraw on January 20, 2016.  Appellant did not appeal.

On October 2, 2017, Appellant filed *pro se* his second PCRA petition, which asserted relief due under **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), *cert denied*, ____ U.S. ____, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018).  The PCRA court issued Rule 907 notice on January 3, 2018, and Appellant responded *pro se* on January 26, 2018.  On January 31, 2018, the PCRA court denied relief.  Appellant timely filed a *pro se* notice of appeal on February 20, 2018.  The PCRA court, on February 26, 2018, ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on March 5, 2018.

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition if the petition raises issues cognizable under the PCRA.  **See Commonwealth v. Jackson**, 30 A.3d 516 (Pa.Super. 2011), *appeal denied*, 616 Pa. 634, 47 A.3d 845 (2012); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose).  The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016).  A PCRA petition

must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the time-bar allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant styled his current petition as a PCRA petition but argues the PCRA court erred by not construing the petition as a different appropriate legal vehicle. Appellant's challenge to the constitutionality of his sex offender registration is cognizable under the PCRA. Thus, the PCRA court properly treated Appellant's filing as a PCRA petition. *See* 42 Pa.C.S.A. § 9543(a)(2)(i); ***Jackson, supra***. Appellant's judgment of sentence became final on April 2, 2005, upon expiration of the time to file a direct appeal with this Court. *See* Pa.R.A.P. 903(a). Appellant filed the current petition for collateral relief on October 2, 2017, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant's assertion in his PCRA petition that ***Muniz*** satisfies the newly recognized constitutional right exception to the PCRA time-bar fails. ***See Commonwealth v. Murphy***, 180 A.3d 402 (Pa.Super. 2018), *appeal denied*, ___ Pa. ___, ___ A.3d ___ (2018) (stating petitioner cannot rely on ***Muniz*** to meet timeliness exception under Section 9545(b) unless and until Supreme Court allows). Likewise, ***Muniz*** fails to satisfy the new facts

exception to the PCRA time-bar. *See Commonwealth v. Watts*, 611 Pa. 80, 23 A.3d 980 (2011) (stating judicial determinations are not "facts" within meaning of Section 9545(b)(1)(ii)). Therefore, Appellant's petition remains time-barred, and the PCRA court lacked jurisdiction to review it. *See Zeigler, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/18